■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WRIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 23, 1984, convicting him of murder in the second degree (two counts), and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court acted properly in denying the defendant's motion to suppress his oral and written statements. A detective advised the defendant of his *Miranda* rights prior to his questioning at the station house, and at that point the defendant knowingly and voluntarily waived those rights before he began speaking to the detective. The fact that he voluntarily arrived at the station house pursuant to the detective's request and was not under arrest when the interrogation began does not nullify the warnings given and the waiver made at that time. Where a station house interrogation of a suspect is continuous and without significant interruption, *Miranda v Arizona* (384 US 436) does not require the police to repeat the warnings when the defendant has made statements that are sufficiently inculpatory to support his arrest.

We would also note that in this joint trial, the statements of both the defendant and his codefendant were received in evidence with limiting instructions. The codefendant did not testify at the trial. While this would appear to present a violation of the Confrontation Clause *(see, Cruz v New York,* 481 US —, 107 S Ct 1714), no motion was made for separate

trials, no objection was made to the introduction of the codefendant's statement, and the issue was not raised on this appeal. It has not, therefore, been preserved for appellate review and we decline to review it under our interest of justice jurisdiction. Brown, J. P., Rubin, Kooper and Sullivan, JJ., concur.