■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER EVANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered May 21, 1987, convicting him of murder in the second degree, robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's argument, the testimony adduced at the *Huntley* hearing clearly established that the defendant was fully apprised of his constitutional rights. The exact language set forth by the United States Supreme Court in *Miranda v Arizona* (384 US 436) need not be utilized by the police as long as the substance of what is said adequately informs the defendant of his constitutional rights *(see, California v Prysock,* 453 US 355). We also reject the defendant's contention that the *Miranda* warnings should have been

readministered by the second detective to interview him. "Where a station house interrogation of a suspect is continuous and without significant interruption, *Miranda v Arizona* (384 US 436) does not require the police to repeat the warnings when the defendant has made statements that are sufficiently inculpatory to support his arrest" *(People v Wright,* 134 AD2d 548). Here, it is apparent that the interrogation of the defendant was continuous and without significant interruption.

We find that the trial court did not improvidently exercise its discretion in ruling that the defendant could be questioned about his 1983 conviction for robbery and assault *(see, People v Bennette,* 56 NY2d 142; *People v Sandoval,* 34 NY2d 371), and the mere fact that these crimes involved conduct similar to that for which the defendant was charged at bar did not preclude them from being the subject of cross-examination *(People v Winfield,* 145 AD2d 449).

The trial court did not err in refusing to charge manslaughter in the second degree as a lesser included offense. The record clearly indicates that there is no reasonable view of the evidence which would have supported a finding that the defendant committed manslaughter in the second degree, but did not commit murder in the second degree *(see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61).

The court properly imposed consecutive terms of imprisonment upon the defendant for his convictions of robbery in the second degree and murder in the second degree. The evidence shows that the defendant's subsequent act of intentionally killing the deceased was separate and distinct from his prior act of robbing the deceased. The acts constituting intentional murder occurred subsequent to the acts constituting the robbery, and commission of one was not a material element of the other *(see, People v Brathwaite,* 63 NY2d 839).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Brown, Eiber and Balletta, JJ., concur.