■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PERRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.) rendered July 2, 1990, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

There is no dispute that on December 16, 1988, at approximately 6:30 A.M., the defendant shot and killed Michael John Gillen, his next-door neighbor in his apartment house. There were no eyewitnesses to the shooting. The defense was one of justification (Penal Law §§ 35.15, 35.20 [3]).

Although he did not testify at the trial, the defendant did testify before the Grand Jury, which testimony was read into the record as part of the People's case. The defendant told the Grand Jury that he had been up all night packing to move to Hawaii when he fell asleep in his kitchen at about 5:30 A.M. At approximately 6:30 A.M., he was awakened by the noise of something moving in his apartment. He picked up a shotgun lying nearby (and for which he had a license) and went toward the bedroom which was in the rear part of the apartment to investigate. It was very dark in the rear of the apartment, and the defendant was only able to see the outline of a person there. Although the defendant called out, "Who is there" and "Hold it," the shape continued to come toward him through the dark without a word. At that point, the defendant fired the shotgun five times.

A tenant in the apartment directly below the defendant's apartment testified to hearing a shot, then a loud male voice say, "Oh, my God", then a thump as if a body had fallen, and then a series of shots. However, this same witness had told a private investigator that he heard something hit the floor only after the last gunshot. The medical examiner testified that, in his opinion, the deceased was standing when the first shot was fired but that the deceased was lying on his back when the

remaining shots were fired. However, no direct testimony was elicited as to which shot killed the deceased or with respect to the existence of any extra force which may have been the cause of death.

We find that the People failed to prove the defendant's guilt beyond a reasonable doubt. The evidence shows that the defendant had just fallen asleep after being up all night when he was awakened by the noise of an intruder inside his darkened apartment, an intruder who did not identify himself and who kept coming toward him although asked to stop. The only testimony contradicting the defendant's account was that of a "witness" who stated that, from the apartment below, he heard one shot, and then he heard a "thump" like the fall of a body, before he heard the series of shots. However, on cross-examination, the witness admitted that he assumed the "thump" was the fall of a body and did not know whether it was weight-training equipment which fell. Indeed, weights were found next to the deceased's body. Furthermore, the People failed to prove that excessive force, if any, was the cause of the deceased's death. There is no evidence in the record as to whether or not the first shot could have killed the deceased. As was stated in *People v Patterson* (21 AD2d 356, 361), involving a similar scenario:

"In short, defendant's guilt has been established by speculation, speculation because the inference is not supported by sufficient probability to sustain a finding that defendant was initially, or subsequently became, an aggressor rather than a self-defending victim of an attack with a deadly weapon * * *

"This is not the stuff upon which a man's liberty should be taken from him".

Since we agree with the defendant's contention that his guilt was not proven beyond a reasonable doubt, we reverse the judgment, and dismiss the indictment.

In light of the above disposition, we need not reach the remaining contentions. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.