■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL LEE SKINNER, Appellant. [637 NYS2d 872] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of two counts of murder in the second degree and six counts of grand larceny in the fourth degree, defendant contends that he was denied effective assistance of counsel because his trial counsel failed to introduce expert psychiatric testimony regarding the affirmative defense of extreme emotional disturbance. That contention lacks merit. "[T]he evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that [defendant's] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147; see, People v Satterfield, 66 NY2d 796, 798-799). Additionally, defendant has failed to demonstrate that the expert whom defense counsel failed to call as a witness would have provided evidence to substantiate the affirmative defense of extreme emotional disturbance (see, People v Graves, 194 AD2d 925, 927, lv denied 82 NY2d 719) "or that defense counsel's decision not to bring forth [that] witness[ ] was clearly prejudicial to [defendant] and not the result of well-advised defense strategy" (People v Ford, 46 NY2d 1021, 1023).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE LEE, Appellant. [637 NYS2d 579] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the first degree, arising out of an incident in which defendant fired six shots at Curtis Danzy, hitting him three times in the back of the head or neck and killing him. Defendant contends that County Court, in instructing the jury on the issue of justification, erroneously denied his request to charge "that in order for the jury to consider the use of force after the first shot * * * the People must prove beyond a reasonable doubt that the deceased was still alive and that subsequent force was used." Defendant in effect sought a charge requiring the jury to find that, if the victim had been killed by the first shot, which defendant

claimed was justified, he could not be found responsible for killing the victim with the subsequent shots (cf., People v Reeder, 209 AD2d 551, lv denied 85 NY2d 913; People v Perry, 176 AD2d 901; People v Patterson, 21 AD2d 356, 361).

Under the circumstances of this case, there is no view of the evidence to warrant that bifurcated analysis or require the court to give the charge requested. By defendant's own account, after defendant missed with the first shot, the victim started moving away from defendant. Nevertheless, defendant fired again and hit the victim in the back of the head or neck, knocking him face down to the ground. Defendant then fired two more shots into the back of the victim's head or neck. That evidence establishes that, after the first missed shot, defendant was no longer in apprehension of deadly physical force and became the aggressor. Thus, the shooting was not justified, regardless of which shot killed the victim. (Appeal from Judgment of Monroe County Court, Egan, J.—Manslaughter, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.