■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MARTINO, Appellant. [687 NYS2d 638] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered November 20, 1997, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, tampering with the evidence (two counts), grand larceny in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Padro,* 75 NY2d 820; *People v Bynum,* 70 NY2d 858). In any

event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Cardenas,* 239 AD2d 594; *People v Burnice,* 112 AD2d 642). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, it was not necessary to reissue *Miranda* warnings to him after he made an inculpatory statement upon exiting a room where he had been given a polygraph test (*see, People v Wright,* 134 AD2d 548). The time spent administering the polygraph test did not constitute a break in questioning (*see, People v Crosby,* 91 AD2d 20; *cf., Wyrick v Fields,* 459 US 42). Moreover, it was also proper to deny suppression of a brief videotaped statement taken after the defendant had refused representation by an attorney contacted by his family (*see, People v Lennon,* 243 AD2d 495; *McNeil v Wisconsin,* 501 US 171, 178).

The defendant's remaining contentions are unpreserved for appellate review (*see, People v Graves,* 85 NY2d 1024) or without merit (*People v Hood,* 62 NY2d 863; *People v Tarsia,* 50 NY2d 1; *People v Miller,* 91 NY2d 372; *People v Vereen,* 45 NY2d 856; *People v Mack,* 242 AD2d 543). S. Miller, J. P., Ritter, Florio and Luciano, JJ., concur.