■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHELICIA PRUITT, Appellant. [775 NYS2d 733]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered February 5, 1999. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her following a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]), defendant contends that County Court erred in denying her motion to suppress her statement to police and further erred in permitting the People to introduce a statement made by defendant that was not included in the CPL 710.30 notice. We conclude that the court properly denied the suppression motion. The reliance by defendant on trial evidence in support of her contention is misplaced. It is well established that "defendant may not rely upon evidence presented at trial to challenge the court's determination of the suppression motion" (*People v Pucci,* 5 AD3d 1099, 1099 [2004]; *see People v Davis,* 299 AD2d 891 [2002], *lv denied* 99 NY2d 613 [2003]). The court's determination that the statement was voluntarily made after defendant waived her *Miranda* rights is fully supported by the evidence adduced at the suppression hearing. There was no evidence at the hearing that defendant was "intoxicated to such a degree that [s]he was incapable of voluntarily, knowingly, and intelligently waiving [her] *Miranda* rights" (*People v Downey,* 254 AD2d 794, 795 [1998], *lv denied* 92 NY2d 1031 [1998]; *see People v Snider,* 2 AD3d 1452 [2003]) or that her statements were not otherwise voluntarily made (*see People v Jones,* 273 AD2d 889 [2000], *lv denied* 95 NY2d 854 [2000]). Contrary to defendant's further contention, a CPL 710.30 notice was not required because the challenged statement was elicited during rebuttal and was "offered solely for the purpose of impeachment" (*People v Hill,* 281 AD2d 917, 918

[2001], *lv denied* 96 NY2d 902 [2001]; *see People v Burks*, 227 AD2d 905, 905-906 [1996], *lv denied* 88 NY2d 981 [1996]; *People v Mitchell*, 155 AD2d 879 [1989], *lv denied* 76 NY2d 739 [1990]).

Defendant has failed to preserve for our review her contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). We conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and that the sentence is neither unduly harsh nor severe. Present— Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.