■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YANCY WEAREN, Appellant. [796 NYS2d 763]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 25, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Defendant contends that he was in custody when he made statements concerning a gray jacket and that those statements therefore should have been suppressed because his *Miranda* warnings had not been administered (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]). Even assuming, arguendo, that defendant was in custody when he made those statements, we conclude that the statements were spontaneous and were not the product of express interrogation or its functional equivalent (*see People v Bryant*, 59 NY2d 786, 788 [1983], *rearg dismissed* 65 NY2d 638 [1985]; *see also Rhode Island v Innis*, 446 US 291, 300-301 [1980]). Defendant claimed ownership of the jacket when a police officer merely approached it. When the officer then stated, "This jacket's cold," defendant responded, "Yeah, it's cold out," and defendant then put on the jacket. Thus, it cannot be said that defendant's statements were "in response to 'interrogation', i.e., words or actions by police that were intended or likely to elicit an incriminating response" (*People v Downey*, 254 AD2d 794, 794 [1998], *lv denied* 92 NY2d 1031 [1998]; *see People v Chambers*, 184 AD2d 716, 717 [1992]).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence. Several witnesses testified at trial that defendant was at the site of the murder, wearing a gray jacket and holding a gun. There were two shooters, and two types of bullets were found in

the victim. One witness, who knew defendant by name, saw defendant raise his arm as if to shoot the victim. She then saw "fire," and she observed the victim grab his side and fall. Under the circumstances of this case, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see id.*). Finally, defendant received effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.