The People of the State of New York, Respondent, v Pete Rosado, Appellant. [808 NYS2d 523]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered November 14, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that County Court erred in denying his suppression motion. Contrary to the contention of defendant, his comprehensive waiver of the right to appeal encompasses that contention (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Canty*, 23 AD3d 1066 [2005]; *People v Gilbert*, 17 AD3d 1164 [2005], *lv denied* 5 NY3d 762 [2005]). In any event, we conclude that the court properly denied defendant's suppression motion. The vehicle in which defendant was a passenger was lawfully stopped for a traffic infraction (*see People v Robinson*, 97 NY2d 341, 348 [2001], citing *Whren v United States*, 517 US 806 [1996]), and defendant was lawfully detained based upon information obtained by the authorities from, inter alia, a confidential informant who permitted the police to listen to his telephone conversations with the drug transporter in whose vehicle defendant was a passenger (*see generally People v Rodriguez*, 52 NY2d 483, 488-489 [1981]). Also contrary to the contention of defendant, he validly waived his *Miranda* rights prior to making incriminating statements. Although defendant was not questioned about the crime at issue herein for several hours after he waived his *Miranda* rights, he remained in continuous custody, and thus the police were not required to readminister *Miranda* warnings (*see People v Tobias*, 273 AD2d 925 [2000], *lv denied* 95 NY2d 908 [2000]; *see also People v Johnson*, 219 AD2d 776 [1995]; *People v Evans*, 162 AD2d 702 [1990], *lv denied* 76 NY2d 856 [1990]). Finally, we have reviewed the contention of defendant in his pro se supplemental brief and conclude that it lacks merit. Present—Hurlbutt, J.P., Scudder, Gorski and Smith, JJ.