■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO J. WILLIAMS, Appellant. [835 NYS2d 793]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 20, 2003. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of murder in the second degree (Penal Law § 125.25 [1]). Contrary to the contention of defendant, "[t]he plea allocution as a whole establishes that [his] waiver of the right to appeal was knowing, intelligent, and voluntary" (*People v Brown*, 281 AD2d 962, 962 [2001], *lv denied* 96 NY2d 899 [2001]). That valid waiver encompasses the contentions of defendant with respect to County Court's suppression rulings (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Stewart*, 35 AD3d 1168 [2006]; *People v Rosado*, 26 AD3d 891 [2006], *lv denied* 6 NY3d 838 [2006]), including his nonjurisdictional contention that his due process rights were violated because the police did not electronically record their interrogation of him at the police station (*see generally People v Verrone*, 266 AD2d 16, 18 [1999]). In any event, that contention lacks merit because " '[t]here is no Federal or State due process requirement that interrogations and confessions be electronically recorded' " (*People v Kunz*, 31 AD3d 1191 [2006], *lv denied* 7 NY3d 868 [2006]; *see People v Oglesby*, 15 AD3d 888, 889 [2005], *lv denied* 4 NY3d 855 [2005]; *People v Martin*, 294 AD2d 850 [2002], *lv denied* 98 NY2d 711 [2002]). Finally, the valid waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]) and, in any event, defendant received the bargained-for sentence. Present—Gorski, J.P., Martoche, Centra, Lunn and Green, JJ.