■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER DAVIS, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAREA FLORES, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEBRUE JAMES, Appellant. [849 NYS2d 257]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 2, 2006, convicting defendant Davis, after a jury trial, of robbery in the first and second degrees and bail jumping in the second degree, and sentencing him to an aggregate term of six years, unanimously affirmed. Judgment, same court and Justice, rendered May 23, 2006, convicting defendant Flores, after a jury trial, of robbery in the first and second degrees, and sentencing her to an aggregate term of five years, unanimously affirmed. Judgment, same court and Justice, rendered June 13, 2006, convicting defendant James, after a jury trial, of robbery in the first and second degrees, and sentencing him to an aggregate term of eight years, affirmed.

To the extent that defendants Davis and Flores are raising

legal sufficiency claims, those claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. We also find that none of the verdicts was against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant James was not entitled to have the court submit third-degree robbery to the jury as a lesser included offense of first-degree robbery, since there was no reasonable view of the evidence to support that charge (*see People v Negron*, 91 NY2d 788 [1998]; *People v Whitfield*, 287 AD2d 393 [2001], *lv denied* 97 NY2d 689 [2001]). The victim was certain that the robbers displayed what appeared to be a firearm, and there was no reason for the jury to selectively discredit only that portion of his testimony. Although an accomplice who testified for the People stated that, while standing across the street from the robbery and acting as a lookout, he never saw anyone display a firearm, this was insufficient to create a reasonable view warranting submission of the lesser offense. Moreover, the accomplice testified that he heard defendant Davis make a verbal threat to use a firearm against the victim.

Similarly, the court properly denied Flores's request for an instruction on the affirmative defense contained in Penal Law § 160.15 (4). "A defendant is entitled to a charge on the affirmative defense to robbery in the first degree when there is presented sufficient evidence for the jury to find by a preponderance of the evidence that the elements of the defense are satisfied, i.e., that the object displayed was not a loaded weapon capable of producing death or other serious physical injury" (*People v Gilliard*, 72 NY2d 877, 878 [1988]). Under the circumstances under which the crime was committed, the fact that the police were unable to recover a weapon did not, either by itself or when taken together with the other evidence, warrant submission of that defense.

We find no basis to reduce any of the sentences.

We have considered and rejected defendants' remaining claims. Concur—Marlow, Williams, Buckley and Malone, JJ.

Andrias, J.P., dissents in part in a memorandum as follows: While I agree with the majority that there is no merit to the legal insufficiency claims of defendants Davis and Flores and that the second-degree robbery verdicts as to all defendants and the bail jumping verdict as to defendant Davis were not against the weight of the evidence, I would modify defendant James's convictions to the extent of vacating the first-degree robbery

conviction and the sentence imposed thereon and remitting the matter for a new trial on that charge.

The victim was certain that the robbers displayed what appeared to be a firearm, and an accomplice, who testified for the People, testified that he heard defendant Davis make a verbal threat to use a firearm against the victim. However, the accomplice also testified that, while standing across the street from the robbery and acting as a lookout, he never saw anyone display a firearm, and on cross-examination he testified that, after he was apprehended, although he told the police at the precinct that he knew nothing about a gun, he did not put it in his written statement, but wrote down what the police told him to write. At the charge conference, counsel for defendant James requested that the court charge the jury on robbery in the third degree because "[i]f they didn't believe my client had a gun, if there was no gun available." Without further discussion, the court denied his request, stating: "There is no reasonable view of the evidence that it was not at least two or more people acting together, so that would make robbery in the third degree an inappropriate charge, because if they believed any robbery, it had to be by two or more people, I believe." However, while second-degree robbery (acting in concert) is not a lesser included offense of first-degree robbery, third-degree robbery (forcible taking of another's property) is (*see People v Miller*, 87 NY2d 211, 214-215, 217 [1995]).

"[A] refusal to charge a lesser included crime is warranted only where every possible hypothesis but guilt of the higher crime [is] excluded" (*People v Johnson*, 45 NY2d 546, 549 [1978] [internal quotation marks and citations omitted]). In deciding whether a reasonable view of the evidence warrants submission of the lesser offense to the jury, the court is required to view the evidence in the light most favorable to the defendant (*id.*). Inasmuch as the jury was free to accept or reject part or all of the accomplice's testimony (*id.*), and viewing such testimony in the light most favorable to the defendants, the jury could reasonably have found that the robbers did not display a firearm. Defendant James was therefore entitled to have the court submit third-degree robbery to the jury as a lesser included offense of first-degree robbery. Inasmuch as it appears on the present record that Davis and Flores made no similar request for a charge down, the court's failure to submit the lesser included offense did not constitute error as to them (CPL 300.50 [2]). Moreover, having failed to raise the issue on their appeals, they must be deemed to have waived it.