THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD DARDEN, Appellant. [871 NYS2d 522]—

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that he was denied effective assistance of counsel because defense counsel failed to request that County Court charge the jury on the use of excessive force as it relates to the defense of justification. We reject that contention. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]). Here, we conclude that defense counsel was not ineffective in failing to request a charge on the use of excessive force as it relates to a justification defense. Although "a court must charge the jury on any claimed defense that is supported by a reasonable view of the evidence which the court must assess in the light most favorable to the defendant" (*People v Taylor*, 80 NY2d 1, 12 [1992]), here there is no reasonable view of the evidence supporting such a charge (*see People v Lee*, 224 AD2d 916 [1996], *lv denied* 88 NY2d 967 [1996]; *cf. People v Reeder*, 209 AD2d 551, 552 [1994], *lv denied* 85 NY2d 913 [1995]). Defendant contends that the charge was warranted because there is a reasonable view of the evidence by which the jury could find that, although the first or second gunshot may have caused the victim's death, those gunshots were justified by self-defense, and that the third shot, although excessive, nevertheless was justified because it was either nonfatal or the victim was already dead. That contention is without merit, however, because there was no evidence that there was a single fatal gunshot. Rather, the medical evidence established that the victim died as a result of multiple gunshot wounds and that it could not be determined in which order the wounds were sustained. Further, viewing the evidence in the light most favorable to defendant, we conclude that there is no reasonable view of the evidence to permit the jury to find that the victim was not alive when the third gunshot was fired (*see generally Taylor*, 80 NY2d at 12). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.