Same memorandum as in *People v Cooper* (59 AD3d 1052 [2009]). Present—Centra, J.P., Peradotto, Green and Pine, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE J. COOPER, Appellant. (Appeal No. 2.) [872 NYS2d 793]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 15, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]) and criminal possession of a weapon in the fourth degree (§ 265.01 [1]) and, in appeal No. 2, he appeals from a judgment convicting him, following the same jury trial, of murder in the second degree (§ 125.25 [1] [intentional murder]). We note at the outset that defendant failed to move for a trial order of dismissal with respect to the intentional murder count and thus failed to preserve for our review his challenge to the alleged insufficiency of the evidence with respect to that count (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that

challenge is without merit. Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that "there is [a] valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), i.e., that defendant, acting either as an accomplice or as a principal, intended to kill the victim and either killed him or aided a codefendant in doing so. Contrary to defendant's further contention, for those same reasons the evidence is legally sufficient to establish that, on the day of the murder, defendant possessed the .32 caliber gun that inflicted the fatal wound and thus was guilty of criminal possession of a weapon in the fourth degree. Viewing the evidence in light of the elements of the murder count as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence, particularly in light of the fact that the trial testimony presented issues of credibility for the jury to resolve (*see generally Bleakley*, 69 NY2d at 495).

Contrary to the further contention of defendant, he was not denied effective assistance of counsel based on defense counsel's failure to move for a trial order of dismissal with respect to the murder count. Because we conclude that the evidence is legally sufficient to support the conviction of that count, defendant has failed to show that the motion, if made, would have been successful (*see People v Wright*, 41 AD3d 1221 [2007], *lv denied* 9 NY3d 928 [2007]; *People v Phelps*, 4 AD3d 863 [2004], *lv denied* 2 NY3d 804 [2004]).

As the People correctly concede, however, the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the third degree with respect to the .38 caliber gun. Although defendant failed to preserve his contention for our review (*see Gray*, 86 NY2d at 19), we exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). There is no evidence that the .38 caliber gun was operable and, although the People were not required to prove that defendant was aware of the gun's operability, they were required to prove under Penal Law § 265.02 (former [4]) that it was in fact operable (*People v Ansare*, 96 AD2d 96, 97-98 [1983], *lv denied* 61 NY2d 672 [1983]). We therefore modify the judgment in appeal No. 1 accordingly.

We reject the further contention of defendant that County Court erred in refusing to suppress the statements that he made

to the police. We note at the outset that defendant improperly relies on evidence presented at trial in support of his contention with respect to the court's pretrial suppression ruling (*see People v Pruitt*, 6 AD3d 1233 [2004], *lv denied* 3 NY3d 646 [2004]). The record establishes that defendant's statements made to the police at the hospital were spontaneous and were not the result of police interrogation (*see People v Bryant*, 59 NY2d 786 [1983], *rearg dismissed* 65 NY2d 638 [1985]; *People v Wearen*, 19 AD3d 1133, 1134 [2005], *lv denied* 5 NY3d 834 [2005]). The subsequent statements made by defendant to the police at the Public Safety Building were made after he had waived his *Miranda* rights and the court thus properly refused to suppress them (*see People v Davis*, 27 AD3d 1138, 1139 [2006], *lv denied* 6 NY3d 847 [2006]). Contrary to the further contention of defendant, the waiver of his *Miranda* rights was not rendered invalid by virtue of the fact that approximately 13 hours had elapsed before he made his statements. " '[W]here a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous' " (*People v Plume*, 306 AD2d 916, 917 [2003], *lv denied* 100 NY2d 644 [2003]; *see People v Rosado*, 26 AD3d 891, 892 [2006], *lv denied* 6 NY3d 838 [2006]). Here, defendant does not contend that the custody was not continuous, and we conclude under the circumstances of this case that the police subsequently questioned defendant within a reasonable period of time, inasmuch as the police were simultaneously questioning the codefendants, defendant was allowed to speak with one of the codefendants, he was provided with cigarettes and food and was allowed to use the bathroom, and he was permitted to telephone his mother (*see People v Lowin*, 36 AD3d 1153, 1154-1155 [2007], *lv denied* 9 NY3d 847 [2007], *reconsideration denied* 878 [2007]; *People v Petronio*, 34 AD3d 602, 604 [2006], *lv denied* 8 NY3d 948 [2007]; *see also Rosado*, 26 AD3d at 892). The sentence is not unduly harsh or severe. We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Centra, J.P., Peradotto, Green and Pine, JJ.