■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON L. SCOTT, Appellant. [880 NYS2d 443]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered December 13, 2005. The judgment convicted defendant, upon

his plea of guilty, of robbery in the first degree, robbery in the second degree (two counts) and assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that his waiver of the right to appeal was not knowingly, intelligently and voluntarily entered. We reject that contention. "Defendant's responses to County Court's questions unequivocally established that defendant understood the proceedings and was voluntarily waiving the right to appeal" (*People v Gilbert*, 17 AD3d 1164, 1164 [2005], *lv denied* 5 NY3d 762 [2005]; *see generally People v Lopez*, 6 NY3d 248, 256 [2006]). The valid waiver by defendant of his right to appeal encompasses his challenges to the court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Williams*, 39 AD3d 1200 [2007], *lv denied* 9 NY3d 853 [2007]), as well as the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]).

To the extent that the contention of defendant in his pro se supplemental brief that he was denied effective assistance of counsel is not forfeited by the plea and survives the waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that it is without merit. Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404 [1995]; *see People v Brown*, 305 AD2d 1068, 1069 [2003], *lv denied* 100 NY2d 579 [2003]).

The record belies the further contention of defendant in his pro se supplemental brief that the court failed to inform him during the plea colloquy that his sentence would include a five-year period of postrelease supervision, and we thus reject defendant's contention that reversal is warranted on that ground (*see generally People v Louree*, 8 NY3d 541, 545 [2007]). Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.