# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1176**

**KA 07-01186**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DON PETERKIN, DEFENDANT-APPELLANT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 13, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (six counts), burglary in the first degree, kidnapping in the second degree (three counts), aggravated sexual abuse in the first degree, assault in the second degree, attempted assault in the second degree, petit larceny and unlawful imprisonment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, six counts of robbery in the first degree (Penal Law § 160.15 [4]) and one count of burglary in the first degree (§ 140.30 [4]), arising from two separate incidents. We reject defendant's contention that Supreme Court erred in refusing to suppress his statements to the police. The evidence presented at the suppression hearing supports the determination of the court that defendant's waiver of his *Miranda* rights was knowing, voluntary and intelligent. Contrary to defendant's contention, the record of the suppression hearing fails to establish that he was intoxicated at the time he waived those rights "to the degree of mania, or of being unable to understand the meaning of his statements" (*People v Schompert*, 19 NY2d 300, 305, *cert denied* 389 US 874; *see People v Lake*, 45 AD3d 1409, 1410, *lv denied* 10 NY3d 767). Contrary to defendant's further contention, "[i]t is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives [his or her *Miranda*] rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Glinsman*, 107 AD2d 710, 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021; *see People v Jacobson*, 60 AD3d 1326, 1327, *lv denied* 12 NY3d 916). The evidence

presented at the suppression hearing also supports the court's determination that defendant remained in custody between the reading of the *Miranda* warnings and the renewed questioning of defendant and that such a time period was not unreasonable (*see People v Cooper*, 59 AD3d 1052, 1054, *lv denied* 12 NY3d 852; *People v Hawkes*, 39 AD3d 1209, 1211, *lv denied* 9 NY3d 844, 845; *People v Leflore*, 303 AD2d 1041, 1042, *lv denied* 100 NY2d 563).

Defendant contends that the evidence is legally insufficient to support the conviction of counts 1 through 15 of the indictment because he established that he was too intoxicated to form the intent to commit the crimes charged in those counts, and thus the People failed to establish that he had the specific intent to commit those crimes. Defendant failed to move for a trial order of dismissal on that ground, however, and he therefore failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit. Although there was some evidence tending to establish that defendant had consumed alcohol prior to committing the crimes at issue, "[v]iewing the evidence in the light most favorable to the People . . ., we conclude that a rational trier of fact could find that defendant had the requisite intent to commit [those] crimes" (*People v Martinez*, 73 AD3d 1432, 1433, *lv denied* 15 NY3d 807). Defendant further contends that the verdict with respect to counts 16 and 17 of the indictment, charging defendant with robbery in the first degree (Penal Law § 160.15 [4]) and unlawful imprisonment in the first degree (§ 135.10), respectively, is against the weight of the evidence. Viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that his right of confrontation was violated by the admission in evidence of a report regarding part of the DNA analysis of a plastic bottle that defendant forcibly inserted into the vagina of the adult female victim. That contention is not preserved for our review inasmuch as defendant objected to the admission of that report solely on the ground that the People failed to establish a sufficient foundation (*see People v Bolling*, 49 AD3d 1330, 1331; *People v Robinson*, 41 AD3d 1183, *lv denied* 9 NY3d 880). In any event, that contention is without merit (*see generally People v Freycinet*, 11 NY3d 38, 41-42).

Contrary to defendant's further contention, we conclude that defense counsel was not ineffective in failing to request a charge on the affirmative defense that the weapon used in the crimes at issue "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]; *see* § 140.30 [4]). "There can be no denial of effective assistance of . . . counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287). Here, "[t]here is no reasonable view of the evidence that would allow the jury to conclude, without resorting to speculation, that defendant" displayed a weapon that was inoperable

or unloaded (*People v Taylor*, 83 AD3d 1505, 1506, *lv denied* 17 NY3d 822; *see People v Darden*, 57 AD3d 1522, *lv denied* 12 NY3d 815).  The fact that no weapon was discovered does not warrant the submission of an instruction on the affirmative defense (*see People v Flores*, 47 AD3d 506, 507, *lv denied* 10 NY3d 840).  We have considered defendant's remaining allegations of ineffective assistance of counsel and, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

The sentence is not unduly harsh or severe.  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  November 10, 2011                          Patricia L. Morgan
                                                     Clerk of the Court