■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MELENDEZ, Appellant. [980 NYS2d 445]—

Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered August 2, 2011, convicting defendant, after a jury trial, of burglary in the first degree and attempted robbery in the first degree and sentencing him to an aggregate term of 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification. The identification testimony was corroborated by evidence that DNA recovered from the hat left by the intruder at the scene matched defendant's DNA profile, and we find defendant's explanations for the DNA evidence to be implausible. To the extent defendant is also challenging the sufficiency of the evidence as a matter of law, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We have considered and rejected defendant's related claim of ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The court properly declined to submit third-degree burglary and attempted third-degree robbery to the jury as lesser included offenses of first-degree burglary and attempted robbery, since there was no reasonable view of the evidence, viewed most favorably to defendant, to support such charges. The victims both testified that the intruder displayed what appeared to be a revolver, and there was no reason for the jury to selectively discredit only that portion of each victim's testimony (*see e.g. People v Davis*, 47 AD3d 506, 507 [1st Dept 2008], *lv denied* 10 NY3d 861 [2008]). Although there was evidence that defendant was also in possession of a stick, there was no reasonable view that he committed these crimes without displaying what appeared to be a firearm.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.