People v Adams (2024 NY Slip Op 05729)

People v Adams

2024 NY Slip Op 05729

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, DELCONTE, AND HANNAH, JJ.

775 KA 23-00834

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN J. ADAMS, DEFENDANT-APPELLANT. 

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered December 15, 2022. The judgment convicted defendant upon a guilty plea of murder in the second degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]) and tampering with physical evidence (§ 215.40 [1] [a]), stemming from the shooting death of the victim. We affirm.
Defendant contends that County Court did not make sufficient inquiry as to the People's actual readiness for trial under CPL 30.30 (5) and that his right to a speedy trial was violated inasmuch as, although the People indicated their readiness for trial, they had not yet turned over all required law enforcement disciplinary records and therefore failed to comply with their initial disclosure obligations under CPL 245.20 (1) (k) (iv). However, that contention is not preserved for appellate review "because he never moved to dismiss the indictment on that ground" (People v Valentin, 183 AD3d 1271, 1272 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; see People v Robinson, 225 AD3d 1266, 1267-1268 [4th Dept 2024]) or objected to the court's on-the-record inquiry into the People's actual readiness (see generally CPL 30.30 [5]; People v Bonilla, 229 AD3d 850, 854 [3d Dept 2024]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Moreover, we conclude that "[b]y subsequently pleading guilty, . . . defendant forfeited [his] contention [insofar as it related to the People's disclosure obligations] because 'the forfeiture occasioned by a guilty plea extends to claims premised upon, inter alia, . . . motions relating to discovery' " (People v Smith, 217 AD3d 1578, 1578 [4th Dept 2023]; see Robinson, 225 AD3d at 1268).
Defendant further contends that he was denied effective assistance of counsel on the ground that defense counsel failed to move to dismiss the indictment pursuant to CPL 30.30 (1). Even assuming, arguendo, that defendant's contention survives his guilty plea (see People v Motell, 229 AD3d 1330, 1332 [4th Dept 2024]; People v Clark, 191 AD3d 1485, 1486 [4th Dept 2021], lv denied 37 NY3d 954 [2021]), we reject that contention inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Little, 229 AD3d 1156, 1157 [4th Dept 2024], lv denied 42 NY3d 971 [2024]). CPL 30.30 (1) "do[es] not apply to a criminal action wherein the defendant is accused of," inter alia, murder in the second degree, as is true in this case (CPL 30.30 [3] [a]). Consequently, defense counsel could not be ineffective for failing to file a statutory speedy trial motion where, as here, the requirements of CPL 30.30 (1) do not apply (see People v Word, 260 AD2d 196, 197 [1st Dept 1999], lv denied 93 NY2d 1029 [1999], reconsideration denied 94 NY2d 799 [1999]; People v Ortiz, 209 AD2d 332, 334 [1st Dept 1994], lv denied 86 NY2d 739 [1995]; see [*2]generally People v Wiggins, 31 NY3d 1, 11 [2018]).
Defendant further contends that the court erred in refusing to suppress statements that he made during two police interrogations inasmuch as he unequivocally requested counsel during the first police interrogation. We reject that contention and conclude that the record amply supports the court's determination that defendant did not, at any time during the first interrogation, unequivocally request the assistance of counsel (see People v Karlsen, 147 AD3d 1466, 1467 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; see generally People v Dawson, 38 NY3d 1055, 1055 [2022]). Defendant's statement that he was getting "pretty close" to asking for counsel established only that, as of that time, he had not yet requested the assistance of counsel; it was "merely a forewarning of a possible, contingent desire to confer with counsel rather than an unequivocal statement of [a] defendant's present desire to do so" (People v Bowman, 194 AD3d 1123, 1128 [3d Dept 2021], lv denied 37 NY3d 963 [2021] [internal quotation marks omitted]; see generally People v Mitchell, 2 NY3d 272, 276 [2004]; People v Ibarrondo, 208 AD3d 1647, 1648 [4th Dept 2022], lv denied 39 NY3d 1111 [2023]). Moreover, defendant's other verbalization concerning the assistance of counsel was presented to the police in the form of a question and it is well settled that "a query as to whether counsel ought to be obtained will not suffice to unequivocally invoke the indelible right to counsel" (Dawson, 38 NY3d at 1055 [internal quotation marks omitted]; see People v Hicks, 69 NY2d 969, 970 [1987], rearg denied 70 NY2d 796 [1987]; People v Hall, 53 AD3d 1080, 1081 [4th Dept 2008], lv denied 11 NY3d 855 [2008]).
Defendant also contends that suppression of his statements made during the second interrogation, which was conducted the morning after the first interrogation, was required because the police did not reread the Miranda warnings to him before the second interrogation. We reject that contention. It is well settled that there is "no need for the police to readminister Miranda warnings [where, as here,] defendant remained in continuous custody, nothing occurred that would have induced defendant to believe he was no longer the focal point of the investigation, and there was no reason to believe that defendant no longer understood his constitutional rights" (People v Hinojoso-Soto, 161 AD3d 1541, 1543 [4th Dept 2018], lv denied 32 NY3d 938 [2018] [internal quotation marks omitted]; see People v Peterkin, 89 AD3d 1455, 1455 [4th Dept 2011], lv denied 18 NY3d 885 [2012]). It is undisputed that defendant remained in custody between the reading of the Miranda warnings and the renewed questioning of defendant during the second interrogation, and we further conclude that the evidence presented at the suppression hearing supports the determination that the time period between the Miranda warnings and the renewed questioning was not unreasonable (see Peterkin, 89 AD3d at 1456; People v Cooper, 59 AD3d 1052, 1054 [4th Dept 2009], lv denied 12 NY3d 852 [2009]), particularly in light of the fact that defendant's custody occurred in a non-coercive environment, where he was provided with food, cigarettes, the ability to watch television, and a place to rest (see Cooper, 59 AD3d at 1054; People v Leflore, 303 AD2d 1041, 1042 [4th Dept 2003], lv denied 100 NY2d 563 [2003]; People v Baker, 208 AD2d 758, 758-759 [2d Dept 1994], lv denied 85 NY2d 905 [1995]).
We reject defendant's further contention that he was coerced into making statements on the ground that the police engaged in deceptive tactics when they used his prior friendship with an investigator to their advantage during the interrogations. "Deceptive police stratagems in securing a statement 'need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession' " (People v Dishaw, 30 AD3d 689, 690 [3d Dept 2006], lv denied 7 NY3d 787 [2006], quoting People v Tarsia, 50 NY2d 1, 11 [1980]; see People v Bradberry, 131 AD3d 800, 802 [4th Dept 2015], lv denied 26 NY3d 1086 [2015]), and there was no such showing here (see generally People v Lee, 277 AD2d 1006, 1007 [4th Dept 2000], lv denied 96 NY2d 785 [2001]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court