■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BELL, Appellant.—Judgment, Supreme Court, New York County (James Leff, J.), rendered February 10, 1986, convicting defendant after a jury trial of two counts of murder in the second degree, two counts of robbery in the first degree, and robbery in the second degree, and sentencing defendant as a predicate felon to concurrent terms of 25 years to life, 12½ to 25 years, and 7½ to 15 years, respectively, unanimously affirmed.

Defendant and an accomplice, who testified for the People, brutally murdered and robbed a clergyman who had befriended them. On the day of the crime, defendant carried a change of clothing in the event that the murder got bloody. After the murder, defendant and the accomplice made successive trips to the victim's apartment to cart out the victim's possessions, during which they were observed by two residents of the building.

During the direct testimony of the accomplice, a juror indicated that she was upset by the graphic and violent nature of the testimony and requested to be excused. After an off-the-record discussion between the Court and the juror, the Court indicated for the record that the juror had agreed to continue to serve, that she could do so impartially, and that she would be afforded a break in testimony should she become further upset. There is no indication on the record that the juror made any such subsequent requests. Although defendant objected to the Court's failure to discharge this juror, defendant never requested an in-camera hearing, nor objected to the Court's characterization of what had transpired. On the basis of this record, we cannot conclude that the juror was grossly unqualified within the meaning of CPL 270.35.

Defendant's failure to establish a record by motion pursuant to CPL 440.10 deprives this Court of an adequate record on which to review defendant's claim that he was deprived of effective assistance of counsel at trial. Nevertheless, we note that the People had an overwhelming case, consisting of well corroborated accomplice testimony, eyewitness testimony, and defendant's own written and videotaped statements, placing on defendant a very heavy burden of demonstrating that he was deprived of meaningful representation *(Strickland v Washington,* 466 US 668). Defendant has failed to show that, but for counsel's unprofessional errors, the verdict would have been different. *(People v De La Hoz,* 131 AD2d 154, *lv dismissed* 70 NY2d 1005.)

Finally, defendant's failure to clearly articulate a challenge to the constitutionality of his predicate conviction (CPL 400.21 [3]), coupled with the failure of defendant or counsel to challenge defendant's adjudication as a predicate felon *(see, People v Banks,* 117 AD2d 611, *lv denied* 67 NY2d 939) constitutes a waiver of this claim for review. Concur—Carro, J. P., Milonas, Wallach and Kupferman, JJ.