■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REUL C. HUNTER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the evidence was legally insufficient to support his conviction because there was no proof that he intended to commit a crime within the homeowner's dwelling. We disagree. Defendant's unexplained and unauthorized presence in the complainant's living room in the middle of the night, coupled with his actions when confronted by the owner and the police, were sufficient to lead a reasonable trier of the facts to conclude that defendant possessed an intent to commit a crime at the time of his unlawful entry *(see, People v Barnes,* 50 NY2d 375, 381; *People v Gates,* 170 AD2d 971). We further conclude that the verdict was not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.