■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JENKINS, Also Known as TERRENCE WEBSTER, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered October 31, 1989, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

In view of defendant's recantation of his plea allocution and his claims of innocence and coercion made to the Probation Department interviewer and to the trial court, as well as the People's consent and the trial court's observation that in the circumstances it could not in good conscience abide by the terms of the plea agreement, the trial court properly exercised its discretion in granting defendant's motion to withdraw his guilty plea *(see, People v McConnell,* 49 NY2d 340, 346).

Defendant's claim of ineffective assistance of counsel at the entry and withdrawal of his guilty plea is belied by the record. Indeed, in the face of an extraordinarily strong case against defendant, counsel obtained the most favorable sentence promise legally permissible and attempted to dissuade defendant from withdrawing his plea and thereby losing the sentence promise which, apparently, defendant recognizes in hindsight as most favorable *(see, People v Tollinchi,* 157 AD2d 495, 496).

Defendant's additional claim, made for the first time on appeal, that the trial court should have, *sua sponte,* recused itself from presiding at further court proceedings after defendant's plea withdrawal is also meritless, as there exists no legal disqualification, nor any suggestion of an abuse of discretion *(see, People v Moreno,* 70 NY2d 403, 405-407).

We perceive no abuse of discretion in imposition of sentence. Contrary to defendant's argument on appeal, his advice

to the trial court that a prior plea conviction might be reversed by an appellate court on unspecified grounds did not constitute a sufficiently specific challenge to that conviction that would bar the trial court's finding that defendant is a persistent violent felony offender (see, People v Bell, 173 AD2d 218, 219, lv denied 78 NY2d 962). Concur—Murphy, P. J., Carro, Rosenberger and Ellerin, JJ.