■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FIDENCIO ROSARIO, Also Known as JUAN GONZALEZ, Appellant. —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered January 31, 1991, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal possession of a weapon in the second degree, and assault in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years for each first degree robbery conviction, 7½ to 15 years for each second degree robbery conviction, 5 to 10 years on the weapon possession conviction and 2½ to 5 years on the assault conviction, unanimously affirmed.

Defendant's claims of prosecutorial misconduct in summation are, for the most part, unpreserved (CPL 470.05 [2]). Were we to review these claims in the interest of justice, we would find that the prosecutor's remarks did not exceed the broad bounds of rhetorical comment permissible in closing argument and that they were a fair response to defense counsel's summation.

Defendant's argument that his sentence as a second felony offender must be vacated because the court did not address his claim of ineffective assistance of counsel is unpreserved and we decline to reach it in the interest of justice (CPL 470.05 [2];

*People v Bell,* 173 AD2d 218, 219, *lv denied* 78 NY2d 962). In his motion pursuant to CPL 400.21, defendant did not specifically claim that his attorney had been ineffective in failing to advise him of his right to move to suppress the weapon recovered, nor did he request a hearing to develop these facts. Rather, defendant argued that his plea was invalid because the court did not ascertain whether he knowingly waived his right to move to suppress the gun recovered before accepting defendant's guilty plea. However, it cannot be concluded that defendant's plea was not knowingly and voluntarily entered simply because he did not explicitly relinquish his right to move to suppress evidence *(People v Harris,* 61 NY2d 9, 15-17). Concur—Carro, J. P., Wallach, Asch and Kassal, JJ.