█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALE MADDOX, Appellant. (Appeal No. 2.) [683 NYS2d 360] —Order unanimously affirmed. Memorandum: Supreme Court properly denied without a hearing the motion of defendant to vacate the judgment of conviction. Defendant contends that two computer printouts obtained from the City of Rochester under the Freedom of Information Law after trial constitute newly discovered evidence and that the People's failure to provide the printouts constitutes a *Brady* violation (*see,* CPL 440.10 [1] [g], [h]). The printouts set forth the car assignments for the two uniformed police officers who arrested defendant and disclose that the officers, at some point on the day of defendant's arrest, were not assigned to the same car. Defendant failed, however, to demonstrate that the information could not have been obtained before trial with the exercise of due diligence and that it established the probability that a different verdict would result upon retrial (*see,* CPL 440.10 [1] [g]; *People v Beckett*, 162 AD2d 1000, 1001, *lv denied* 76 NY2d 852; *see also, People v Jackson*, 238 AD2d 877, *lv denied* 90 NY2d 859; *People v Willard*, 226 AD2d 1014, 1020, *lv dismissed* 88 NY2d 943). Further, defendant did not establish that the printout was in the possession of the People at the time of trial. Even if the People had an obligation to disclose the information, " 'constitutional error occurs only if the evidence which was not

disclosed was material in the sense that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different" (*United States v Bagley*, [473 US 667, 682 which is], plainly not the case here' " (*People v Chin*, 67 NY2d 22, 33; *see*, *People v Fyffe*, 249 AD2d 938, 939). (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—CPL art 440.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.