■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE SOLER, Appellant. [702 NYS2d 251] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered November 19, 1997, convicting defendant, after a jury trial, of robbery in the first degree (3 counts), criminal possession of a weapon in the second degree (2 counts), criminal possession of a weapon in the third degree and menacing in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 20 years on the robbery convictions, 7 years on the second-degree weapon conviction, 6 years on the third-degree weapon conviction and 1 year on the menacing conviction, unanimously affirmed.

Defendant's motion to suppress physical evidence and identification testimony was properly denied. The police lawfully stopped the van in question on the basis of reasonable suspicion of criminal activity (*see, People v Coutin*, 168 AD2d 269, 272, *affd* 78 NY2d 930). The officers had conversations with two complainants, each of whom had been robbed at gunpoint in the same building minutes earlier by a male Hispanic wearing shorts over a pair of pants who had fled the scene in a dark-colored van. After 20 minutes of canvassing the area, the officers came upon a dark-colored van (the only such van in the area) about one half mile away from the building, and noticed it was being driven by a male Hispanic. After the initial stop, the officers had ample basis for frisking defendant when one of the officers noticed that defendant was wearing shorts over a pair of pants and another officer noticed a bulge in defendant's waistband. Recovery of the gun provided

probable cause to arrest defendant. The showup identifications were justified, notwithstanding the existence of independent probable cause, by their close temporal and spatial proximity to the crimes, and they were not unduly suggestive (*see, People v Duuvon*, 77 NY2d 541).

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning identification and credibility, including its resolution of the issue of the time at which the second robbery and the subsequent arrest occurred.

The court properly denied defendant's severance motion. The incidents were sufficiently interrelated so as to render evidence of each incident mutually admissible (*see*, CPL 200.20 [2] [b]), and they were also joinable pursuant to CPL 200.20 (2) (c).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.