■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX COLON, Appellant. [713 NYS2d 738] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 23, 1997, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence. Justice McGinity has been substituted for former Justice Joy (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crime of attempted murder in the second degree of the complainant Jorge Noboa is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. From the fact that shots were fired in Noboa's direction the jury could infer that the defendant or his accomplice intended to kill Noboa (*see, People v Hernandez,* 257 AD2d 664). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to the charge of attempted murder in the second degree was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly denied his request to remove a juror who cried during the trial after that juror affirmatively stated that she could decide the case without sympathy and that she had not reached a decision as to the defendant's guilt or innocence (*see, People v Buford,* 69 NY2d 290; *People v Bell,* 173 AD2d 218).

It was proper to impose consecutive sentences for the at-

tempted murder of Noboa and the murder of the second victim as each crime involved separate acts (*see, People v Black,* 249 AD2d 318; *People v Ramos,* 205 AD2d 404). Moreover, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., McGinity, Luciano and Smith, JJ., concur.