THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYON K. RUSS, Appellant. [739 NYS2d 512] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered February 21, 2001, convicting defendant after a jury trial of, inter alia, robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's suppression motion. The police officers lawfully stopped the minivan driven by defendant based upon a reasonable suspicion of criminal activity (*see, People v Vitiello*, 285 AD2d 480; *People v Soler,* 268 AD2d 376, *lv denied* 95 NY2d 804). Further, because the officers were investigating a shooting, they were entitled to frisk defendant for their personal safety (*see, People v Hightower,* 261 AD2d 871, *lv denied* 93 NY2d 971). The alleged failure of defense counsel to effectuate defendant's desire to testify before the grand jury, standing alone, does not constitute ineffective assistance of counsel (*see, People v Wiggins,* 89 NY2d 872, 873; *People v Conyers,* 285 AD2d 825, 826). Contrary to defendant's contention, the court had the authority to reinstate the indictment upon reargument without the necessity of a new grand jury presentation (*see, People v Rosa,* 265 AD2d 167, *lv denied* 94 NY2d 884; *People v Lynch,* 162 AD2d 134, *lv denied* 76 NY2d 941). Contrary to the further contention of defendant in his pro se supplemental brief, the alleged denial of his right to a timely preliminary hearing does not warrant dismissal of the indictment or a new trial (*see, People v Bensching,* 117 AD2d 971, 972, *lv denied* 67 NY2d 939). Finally, defendant waived his present challenge to the sufficiency of the indictment by failing to raise it in his pretrial motion (*see, People v Pitkin,* 267 AD2d 1021, 1022, *lv denied* 95 NY2d 802). Present—Green, J.P., Scudder, Kehoe, Burns and Gorski, JJ.