■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY FERGUSON, Appellant. [793 NYS2d 789]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered March 22, 2001. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25). Defendant contends that the judgment should be reversed based on prosecutorial misconduct because the prosecutor vouched for the credibility of a witness during his summation (*see generally People v Lovello*, 1 NY2d 436 [1956]; *People v Proper*, 177 AD2d 863, 864 [1991], *lv denied* 79 NY2d 922 [1992]), although defendant concedes that he failed to preserve his contention for our review (*see* CPL 470.05 [2]). "Reversal on grounds of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that he has been denied due process of law'" (*People v Rubin*, 101 AD2d 71, 77 [1984], *lv denied* 63 NY2d 711 [1984], quoting *People v Mott*, 94 AD2d 415, 419 [1983]). Here, "the misconduct was not pervasive and was limited in nature" (*id.*), and we note in any event that defense counsel made similar remarks concerning that witness during his summation. Thus, reversal based on prosecutorial misconduct is not warranted. Also contrary to defendant's contention, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.