■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATTI N. DISHAW, Appellant. [816 NYS2d 235]—

Carpinello, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered June 13, 2005, upon a verdict convicting defendant of the crime of petit larceny, and (2) by permission, from an order of said court, entered August 22, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was found guilty by a jury of petit larceny based on evidence that she stole lottery tickets from her employer. Following sentencing, she unsuccessfully moved to vacate the judgment pursuant to CPL 440.10 on the ground of "newly discovered evidence," namely, information concerning the activation dates of lottery tickets found in defendant's vehicle on the day of her arrest which defense counsel claimed was *Brady* material. County Court denied the motion finding that

the information did not qualify as newly discovered evidence. Defendant was granted permission to appeal the denial of this motion. We now affirm the judgment and order.

Defendant claims that her oral and written statements to police wherein she admitted that she had stolen lottery tickets from her employer should have been suppressed on the ground that the police engaged in trickery and deception so unfair as to deny her due process and render such statements involuntary. Testimony at the suppression hearing established that, after defendant's employer discovered that lottery tickets were missing from her restaurant, defendant, the night cleaner for the establishment, was interviewed by a State Trooper. At the beginning of the interview, defendant was read her *Miranda* rights and she indicated that she understood these rights and agreed to speak with him.

Defendant initially denied stealing the lottery tickets. However, she was informed by the Trooper that her act of stealing was caught on a video surveillance camera. She was also led to believe that he had such videotape in his possession. It is undisputed that this was a ruse. Defendant then changed her story and admitted taking several lottery tickets.[1] Defendant thereafter signed a written statement in which she admitted that she took $50 worth of lottery tickets four days earlier and that she had been stealing lottery tickets for the past four months (although she was unable to specify how many she took over this time period or the value of same).[2]

While the Trooper engaged in deception when he told defendant that her actions were caught on video surveillance and even went so far as to place a bogus videotape on the table in front of her, we are unable to conclude that such deception warrants suppression of her subsequent confessions. Deceptive police stratagems in securing a statement "need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process or that a promise or threat was made that could induce a false confession" (*People*

---

**1.** She also gave the Trooper permission to search her vehicle where several lottery tickets were found.

**2.** At the suppression hearing, defendant did not deny giving either statement to the Trooper or giving him permission to search her car. She claimed, however, that she only made the oral admission upon copping "an attitude" with the Trooper, claiming that she was cavalierly agreeing with "whatever [he said]." She further claimed that she did not read her written statement—a fact disputed by the Trooper—but instead initialed and signed it as directed because she wanted to get home to her children. County Court found the Trooper's testimony "to be credible and highly persuasive" and defendant's testimony to be unpersuasive.

*v Tarsia,* 50 NY2d 1, 11 [1980] [citations omitted]). Notably, this Court has previously ruled under strikingly similar facts that "falsely telling [a person] that his [or her] actions were memorialized on a video surveillance camera" neither deprived that person of due process nor was likely to induce a false confession (*People v Dickson,* 260 AD2d 931, 932 [1999], *lv denied* 93 NY2d 1017 [1999]).

Next, we find no abuse of discretion on the part of County Court in denying defendant's CPL 440.10 motion (*see People v Bryce,* 88 NY2d 124, 128 [1996]). First, we agree with the court's finding that the subject lottery tickets were readily available for examination by defense counsel well in advance of trial and thus the information thereafter derived from them was not "newly discovered" (*see e.g. People v Singleton,* 1 AD3d 1020, 1021 [2003], *lv denied* 1 NY3d 580 [2003]; *People v Maddox,* 256 AD2d 1068, 1068-1069 [1998], *lv denied* 93 NY2d 875 [1999]; *see generally People v Gates,* 189 AD2d 934, 935 [1993]). Moreover, we are unpersuaded that the information obtained from these tickets was in fact exculpatory or that such information would have had a reasonable possibility of changing the outcome of the trial (*see People v Bryce, supra; People v Vilardi,* 76 NY2d 67, 77 [1990]), particularly given the evidence of defendant's oral and written confessions (*see People v Burt,* 246 AD2d 919, 923-924 [1998], *lv denied* 91 NY2d 1005 [1998]).

We are also unpersuaded by the arguments that defendant was denied a speedy trial or that prosecutorial vindictiveness warrants dismissal of the indictment. The remaining contentions have been reviewed and found to be equally unpersuasive.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, and matter remitted to the County Court of St. Lawrence County for further proceedings pursuant to CPL 460.50 (5).