THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN W. JACOBSON, Appellant. [876 NYS2d 259]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered September 21, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree, criminal posses-

sion of a weapon in the third degree and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the forfeiture of $1,685 and by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for resentencing.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in refusing to suppress his statements to the police. We reject that contention. The evidence at the suppression hearing establishes that, after receiving his *Miranda* warnings, defendant indicated that he understood his rights and agreed to speak with the officer who administered the warnings (*see People v John*, 288 AD2d 848 [2001], *lv denied* 97 NY2d 705 [2002]; *see also People v Smith*, 217 AD2d 221, 231-232 [1995], *lv denied* 87 NY2d 977 [1996]). Consequently, the court properly refused to suppress his statements to that officer and to the officer who questioned him a few minutes later. The court also properly refused to suppress the statements made by defendant to the officer who questioned him 45 minutes later without readministering *Miranda* warnings. Contrary to defendant's contention, "[i]t is well settled that where a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous," and that is the case here (*People v Glinsman*, 107 AD2d 710, 710 [1985], *lv denied* 64 NY2d 889 [1985], *cert denied* 472 US 1021 [1985]). In addition, the court properly determined that defendant's remaining statements were "spontaneous and were not the product of express interrogation or its functional equivalent" (*People v Wearen*, 19 AD3d 1133, 1134 [2005], *lv denied* 5 NY3d 834 [2005]). The police are not required "to take affirmative steps, by gag or otherwise, to prevent a talkative person in custody from making an incriminating statement" (*People v Rivers*, 56 NY2d 476, 479 [1982], *rearg denied* 57 NY2d 775 [1982]).

In his motion for a trial order of dismissal, defendant failed to identify any of the specific grounds now raised on appeal and thus failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19

[1995]). In any event, that challenge lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the court erred in refusing to grant a mistrial on the ground that the prosecutor failed to disclose in a timely manner an alleged electronic recording presented at trial, i.e., the telephone numbers recorded on a cellular telephone seized from defendant. Even assuming, arguendo, that the People were required to disclose that recording pursuant to CPL 240.20, we note that "[t]he sanction to be imposed for the failure of the People to comply fully with discovery demands until the time of trial is within the sound discretion of the trial court" (*People v Poladian*, 167 AD2d 912, 912-913 [1990], *lv denied* 77 NY2d 881 [1991]; *see People v Collins*, 288 AD2d 860 [2001], *lv denied* 97 NY2d 752 [2002]). We note in addition that "[t]he People's delay in complying with the provisions of CPL 240.20 constitutes reversible error . . . only when the delay substantially prejudices defendant" (*People v Benitez*, 221 AD2d 965, 966 [1995], *lv denied* 87 NY2d 970 [1996]), and here defendant failed to establish that he suffered any actual prejudice from the late disclosure.

Defendant also contends that the court erred in denying his motions seeking a mistrial based on prosecutorial misconduct. Defendant made several such motions, contending that he had been denied a fair trial because the prosecutor failed to disclose the electronic recording prior to trial and repeatedly informed the court and defense counsel that no electronic recordings would be used at trial. We reject that contention. Reversal based on prosecutorial misconduct is "mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he has been denied due process of law" (*People v Mott*, 94 AD2d 415, 419 [1983]; *see People v Ferguson*, 17 AD3d 1074 [2005], *lv denied* 5 NY3d 788 [2005]) and, as noted, defendant failed to establish that the prosecutor's alleged misconduct caused such prejudice.

Defendant further contends that he was denied effective assistance of counsel because, inter alia, defense counsel failed to secure a transcript of the voir dire. The record establishes, however, that "defendant explicitly waived the transcription of voir dire" (*People v Collins*, 288 AD2d 860, 861 [2001], *lv denied* 97 NY2d 752 [2002]; *see generally People v Harrison*, 85 NY2d 794, 796 [1995]), and thus that contention is not properly before

us. With respect to the remaining instances of alleged ineffective assistance of counsel, we conclude that defendant has failed to " 'demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]). Indeed, viewing "the evidence, the law, and the circumstances of [this] case, . . . in totality and as of the time of the representation," we conclude that defendant received meaningful representation (*People v Baldi*, 54 NY2d 137, 147 [1981]).

As the People correctly concede, they failed to comply with the procedural requirements of Penal Law § 480.10. Although this issue is not preserved for our review (*see* CPL 470.05 [2]), we conclude that the failure to comply with Penal Law § 480.10 is a "fundamental, nonwaivable defect in the mode of procedure" for which preservation is not required (*People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]). We therefore modify the judgment by vacating the forfeiture of the money seized from defendant at the time of his arrest.

The sentence is not unduly harsh or severe, nor does the record support defendant's contention that the sentence was the product of vindictiveness (*see People v White*, 12 AD3d 1200 [2004], *lv denied* 4 NY3d 768 [2005]). "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]; *see People v Pena*, 50 NY2d 400, 411-412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]). We note, however, that "there is a discrepancy between the sentencing minutes and the certificate of conviction. The sentencing minutes provide that the sentence imposed for [criminal possession of a weapon] in the third degree shall run consecutively to the sentence imposed for [criminal possession of a controlled substance in the third] degree but the certificate[s] of conviction provide[ ] that the sentence[s] shall run concurrently" (*People v Rivera*, 30 AD3d 1019, 1020 [2006], *lv denied* 7 NY3d 870, *reconsideration denied* 8 NY3d 884 [2006]; *see People v Shand*, 280 AD2d 943, 944 [2001], *lv denied* 96 NY2d 834 [2001]). We therefore further modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing.

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.