■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHON DICKERSON, Appellant. [887 NYS2d 387]—

Appeal from a judgment of the Monroe County Court (John

R. Schwartz, A.J.), rendered May 18, 2006. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [1]). We conclude that County Court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea without conducting a hearing. "The decision whether to permit a defendant to withdraw a plea rests within the sound discretion of the trial court and only in rare instances will a hearing be granted" (*People v Yell*, 250 AD2d 869, 869 [1998], *lv denied* 92 NY2d 863 [1998]). We further conclude that the court did not err in failing to assign new counsel to represent defendant in connection with the motion to withdraw the plea. Contrary to defendant's contention, there is no evidence in the record that defense counsel took a position that was adverse to that of defendant on the motion (*see People v Barnello*, 56 AD3d 1214 [2008], *lv denied* 12 NY3d 780 [2009]), nor is there any evidence that defense counsel became a witness against him (*see People v Caple*, 279 AD2d 635, 636 [2001], *lv denied* 96 NY2d 798 [2001]).

Defendant further contends that the court erred in refusing to suppress the victim's identification of him from a photo array because the victim was shown a prior photo array several months earlier that also contained defendant's photograph. We reject that contention. "Multiple photo identification procedures are not inherently suggestive" (*People v Chapman*, 161 AD2d 1156 [1990], *lv denied* 76 NY2d 854 [1990]). Here, the identification was not rendered unduly suggestive merely because the witness was shown more than one photo array and defendant's photograph was the only photograph shown in both photo arrays. The record establishes that different photographs of defendant were used (*see People v Dunlap*, 9 AD3d 434, 435 [2004], *lv denied* 3 NY3d 739 [2004]; *People v Brennan*, 261 AD2d 914 [1999], *lv denied* 94 NY2d 820 [1999]), the photographs of defendant appeared in a different location in each photo array (*see Dunlap*, 9 AD3d at 435), and there was a significant lapse of time between the presentations of the photo arrays (*see People v Quinones*, 228 AD2d 796 [1996]).

Finally, the challenge by defendant to the sufficiency of the evidence before the grand jury is forfeited by his guilty plea (*see People v Edwards*, 55 AD3d 1337, 1338 [2008], *lv denied* 11 NY3d 924 [2009]; *People v Ware*, 34 AD3d 860 [2006], *lv denied*

8 NY3d 951 [2007]). Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.