THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAINE A. GREEN, Appellant. [903 NYS2d 844]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 2, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) arising out of the early morning shooting of a

man on a street in Geneva. By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the evidence at trial is legally insufficient to establish that he intended to kill the victim (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the intent element of the crime of which defendant was convicted. It was undisputed at trial that defendant retrieved an assault rifle from his house after one of his friends had an altercation with a friend of the victim, and that defendant was present in the area where the fatal shot was fired. Although defendant testified that he handed the assault rifle to another individual, who then fired several times, there was ample evidence that defendant himself committed the shooting. We note in particular that a prosecution witness who was one of defendant's friends testified that he saw defendant pull the trigger. Defendant's intent to kill the victim "may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (*People v Price*, 35 AD3d 1230, 1231 [2006], *lv denied* 8 NY3d 926 [2007]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence.

Defendant further contends that the People's motion to disqualify his trial counsel "unreasonably interfered" with his right to counsel by "paraly[zing] the defense for almost a month." We likewise reject that contention. The motion was appropriate in light of the potential conflict of interest arising from the possibility that defense counsel would be representing a witness to the crime as well as defendant. A conflict of interest exists when a defendant's attorney represents a prosecution witness and, indeed, the prosecution has "an affirmative duty to bring the facts of the potential conflict to the attention of the trial court" (*People v Green*, 145 AD2d 929, 930 [1988]). To the extent that defendant contends that the defense was "paraly[zed] for almost a month" by virtue of the motion, we note that the motion was filed seven months before the commencement of trial and was denied by County Court two months after it was filed, thus affording defense counsel ample time in which to prepare for trial. We also reject the contention of defendant that the court erred in denying his request for a continuance on the first day of trial. "The decision whether to grant an adjournment is ordinarily committed to the sound discretion of the trial

court" (*People v Spears*, 64 NY2d 698, 699 [1984]), and we perceive no abuse of discretion in this case.

We agree with defendant, however, that the court erred in limiting his cross-examination of a police investigator concerning the statement he made to the investigator in which he denied that he shot the victim. At trial, the People introduced inculpatory portions of defendant's statement and thus defendant was entitled to admission of the exculpatory portions of the statement as well (*see People v Rodriguez*, 188 AD2d 566, 567 [1992]). Nevertheless, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). The proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted had the court properly admitted the exculpatory portions of defendant's statement in evidence (*see People v Perez*, 299 AD2d 197 [2002], *lv denied* 99 NY2d 618 [2003]). The jury could readily infer from that part of the statement of defendant to the investigator that was admitted in evidence that he denied shooting the victim, inasmuch as defendant told the investigator that he saw an individual exit a silver vehicle and that he then heard shots being fired. We further note that defendant testified at trial that he did not shoot the victim. We also reject defendant's challenge to the severity of the sentence.

Contrary to the contention of defendant in his pro se supplemental brief, the People did not fail to turn over *Brady* material in a timely manner. Even assuming, arguendo, that the material at issue was exculpatory, we conclude on the record before us that defendant received it "as part of the *Rosario* material provided to him and was given a meaningful opportunity to use the exculpatory evidence" (*People v Middlebrooks*, 300 AD2d 1142, 1143-1144 [2002], *lv denied* 99 NY2d 630 [2003]). Contrary to the further contention of defendant in his pro se supplemental brief, the court did not err in sua sponte advising a prosecution witness that his trial testimony on direct examination appeared to contradict his grand jury testimony and that he may wish to consult with an attorney under those circumstances. "Our precedents approve the conduct of a trial court in advising a witness, who it can be reasonably anticipated will give self-incriminating testimony, of the possible legal consequences of giving such testimony and of the witness' Fifth Amendment privilege to refuse to testify" (*People v Siegel*, 87 NY2d 536, 542-543 [1995]), and here the court in effect did so by advising the witness that he may wish to consult an attorney.

Finally, we have reviewed the remaining contentions of defendant, including those raised in his pro se supplemental brief,

and conclude that they are without merit. Present—Centra, J.P., Peradotto, Carni, Lindley and Pine, JJ.