# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1108**
**KA 08-02633**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DONNY P. BEATY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 26, 2008. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, burglary in the first degree, assault in the second degree, petit larceny and burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]) and burglary in the second degree (§ 140.25 [2]) stemming from two incidents involving two victims. Defendant contends that a police officer deliberately omitted a material fact from his affidavit supporting the search warrant leading to defendant's arrest for the crimes with respect to both incidents and that, based on the omission, there was no probable cause for the issuance of the warrant. In particular, defendant contends that the officer set forth in the supporting affidavit that the victim of the rape described a "puffy black coat" worn by the perpetrator and that the police obtained defendant's permission to seize a black coat in his home, which the officer described in his affidavit as "black with puffy black solid squares." Defendant contends that the officer failed to mention that the black jacket that was seized by the police officers did not match the description given by the rape victim. Supreme Court properly refused to suppress the evidence seized as a result of the search warrant inasmuch as the remaining information in the search warrant application, without regard to defendant's contention concerning the black jacket, provided probable cause to support the issuance of the search warrant (*see People v Leary*, 70 AD3d 1394, 1395, *lv denied* 14 NY3d 889; *People v Tordella*, 37 AD3d 500, *lv denied* 8 NY3d 991; *see also People v Plevy*, 52 NY2d 58, 66-67).

     Defendant further contends that the photo array procedures were unduly suggestive because the witness, the neighbor of one of the victims, viewed two photo arrays on consecutive days, and of the photographs in each array only defendant's photograph appeared in both.  We reject that contention.  While "the inclusion of a single suspect's photograph in successive arrays is not a practice to be encouraged, it does not per se invalidate the identification procedures" (*People v Gilbert*, 295 AD2d 275, 276, *lv denied* 99 NY2d 558; *see People v Dickerson*, 66 AD3d 1371, 1372, *lv denied* 13 NY3d 859; *People v Dunlap*, 9 AD3d 434, 435, *lv denied* 3 NY3d 739).  Here, "[t]he record establishes that different photographs of defendant were used . . . [and] the photographs of defendant appeared in a different location in each photo array" (*Dickerson*, 66 AD3d at 1372; *see Dunlap*, 9 AD3d at 435).  Moreover, because defendant's hairstyle in the two photographs was significantly different, the fillers necessarily had to be different in accordance with the two hairstyles to avoid the risk that defendant would be singled out for identification because of his dissimilar appearance to the fillers in each of the respective photo arrays (*see generally People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).  Defendant's remaining contention regarding the photo array procedure is not preserved for our review inasmuch as he did not raise that specific contention in either his omnibus motion or at the *Wade* hearing (*see People v Bossett*, 45 AD3d 693, 694, *lv denied* 10 NY3d 860; *People v Miller*, 43 AD3d 1381, 1382, *lv denied* 9 NY3d 1036).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

     We reject defendant's further contention that the court erred in denying his motion to sever the first four counts of the indictment that involved one victim and charged him with, inter alia, rape in the first degree, from the fifth count of the indictment charging him with burglary in the second degree with respect to the other victim.  The offenses were joinable because the identity of defendant was at issue and his modus operandi was sufficiently unique to make proof of his commission of the crimes involving one victim probative of his commission of the crime involving the other victim (*see People v Davis*, 156 AD2d 969, *lv denied* 75 NY2d 867).  Once the court exercised its discretion and properly joined the offenses under CPL 200.20 (2) (b), the court lacked statutory authority to sever them (*see People v Bongarzone*, 69 NY2d 892, 895; *People v Webb*, 60 AD3d 1291, 1293, *lv denied* 12 NY3d 930).

     Defendant contends that the conviction of burglary in the second degree, the sole crime of which defendant was convicted with respect to one of the victims, is not supported by legally sufficient evidence because there was no evidence from which the jury could infer that he had the intent to commit a crime at the time of the unlawful entry.  We reject that contention as well.  "In burglary cases, the defendant's intent to commit a crime within the premises may be inferred beyond a reasonable doubt from the circumstances of the entry or attempted entry" (*People v Gates*, 170 AD2d 971, 971-972, *lv denied* 78 NY2d 922 [internal quotation marks omitted]).  Here, defendant's intent may be inferred from his unexplained and unauthorized presence

at the home of the victim in question, and his ensuing actions, i.e., removing the dog from the victim's bed and lying down next to the victim in the bed, and running away from the individuals who pursued him after the victim ran from the house (*see People v Hunter*, 175 AD2d 615, *lv denied* 78 NY2d 1077; *Gates*, 170 AD2d at 972). Viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Finally, defendant contends that the court erred in refusing to charge the jury with respect to one of the victims both that intoxication may negate the intent element of rape in the first degree and that attempted rape in the first degree is a lesser included offense of rape in the first degree. First, "[a]n intoxication charge is warranted if, viewing the evidence in the light most favorable to the defendant, 'there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis' " (*People v Sirico*, 17 NY3d 744, 745). "[B]are assertions by a defendant concerning his intoxication, standing alone, are insufficient" to warrant the charge (*id.*). Here, the only evidence in the record apart from defendant's statements to the police regarding his alleged intoxication on the night of the rape incident was the victim's testimony that she smelled alcohol on the perpetrator's breath. We thus conclude that defendant failed to establish his entitlement to the intoxication charge (*see People v Shaw*, 8 AD3d 1106, 1107, *lv denied* 3 NY3d 681). Second, defendant was not entitled to the lesser included charge of attempted rape because there is no "reasonable view of the evidence . . . that would support a finding that defendant committed the lesser included offense but not the greater" (*People v Heide*, 84 NY2d 943, 944; *see People v Kinnard*, 98 AD2d 845, 846-847, *affd* 62 NY2d 910).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court